UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANA M. LY,

    Plaintiff,

v.

2300 CHERA INVESTORS, LLC and A T
WONUS PROPERTY MANAGEMENT
GROUP, LLC,

    Defendants.

Case No: 6:18-cv-1274-Orl-40TBS

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Disqualify Defendants' Counsel (Doc. 14). Defendants oppose the motion (Doc. 15).

Plaintiff complains that Defendants violated the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.* (Doc. 1). According to Plaintiff, she and her boyfriend entered into a residential agreement with Defendant Chera, as owner and landlord, to lease the premises at 2335 Chera Court, Orlando, FL 32806 for one year commencing July 10, 2018 and ending June 30, 2019 (Id., ¶¶ 5-7). Plaintiff alleges that Defendant Wonus Property Management Group, LLC, doing business as Atrium Management Company, managed the Premises (Id., ¶¶ 1, 5). On July 3, 2018, Plaintiff emailed Atrium to notify it that she has an emotional support animal ("ESA") and provided a US Service Animals registration number (Id., ¶ 8). Plaintiff also offered to provide a formal doctor's note to confirm her need for an ESA, if required (Id.). Atrium's representative, Arturo Matamoros replied two days later stating that he was unable to confirm the ESA registration and asked Plaintiff to provide confirmation (Id., ¶ 9). After

Plaintiff once again directed Matamoros to the U.S. Service Animals website, he asked her to complete a "Limited Medical Release" to allow Atrium to contact her healthcare provider (Id., ¶¶ 10-11). Matamoros said Atrium would determine whether to grant her request for reasonable accommodation once it received the completed medical release and a medical certification (Id., ¶ 11). Plaintiff informed Matamoros that she did not feel comfortable disclosing any additional information about her disability and medical records and instead provided a note from her psychiatrist, which she felt sufficed (Id., ¶ 13). The letter states:

> This is to verify that Diana Ly is under my treatment for a DSM IV diagnosis. I recommend that she be allowed to have her dog with her for emotional support at all times. She is taking medication and is to follow up in my office for medication management.
>
> If you have any questions, please do not hesitate to contact me,

(Id., ¶ 12; Doc. 1-2 at 2). Matamoros told Plaintiff he had communicated with Atrium and that additional information was needed to evaluate her request for accommodation (such as further verification from the psychiatrist, and a statement from previous healthcare providers to establish a history of disability) (Doc. 1, ¶ 14). Then, Plaintiff claims that representatives of Atrium contacted her psychiatrist without her permission and demanded a copy of her medical records (Id., ¶ 17). Plaintiff claims that her continued refusal to divulge her personal medical information was met with a call from Jay L. Swistak, Atrium's attorney. Swistak allegedly berated Plaintiff, told her she was "stupid," and insisted that ESAs "are not a real thing." (Id., ¶ 20). In response, Plaintiff asked her psychiatrist to provide another letter on her behalf, which he did:

> This to verify that Diana Ly is under my treatment for a DSM IV diagnosis. I recommend that she be allowed to have her

> dog with her for emotional support at all times. This is necessary for her health because having her dog helps to calm her anxiety. She is taking medication and is following up in my office for medication management.
>
> If you have any questions, please do not hesitate to contact me

(Id., ¶ 23; Doc. 1-4 at 2). Plaintiff also gave Swistak a note from consultant physician, Dr. Khaja Chisty, but Swistak and Atrium still demanded that she complete the Limited Medical Release (Doc. 1, ¶¶ 25-26; Doc. 1-5 at 2). Swistak allegedly accused Plaintiff of purchasing the doctor's notes and Defendants have, to date, failed to accommodate Plaintiff's ESA (Doc. 1, ¶¶ 26-27). Swistak denies making any of the offensive remarks attributed to him by Plaintiff (Doc. 15 at 4).

There are two sources of a court's authority to consider a motion to disqualify an attorney. First, attorneys are bound by the rules of the court in which they appear. Second, their professional conduct is governed by federal common law, "because motions to disqualify are substantive motions affecting the rights of the parties." Herrmann v. GutterGuard, Inc., 199 F. App'x. 745, 752 (11th Cir. 2006).

Motions to disqualify opposing counsel are "'generally viewed with skepticism because ... [they] are often interposed for tactical purposes.'" Yang Enter., Inc. v. Georgalis, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008) (quoting Alexander v. Tandem Staffing Solutions, Inc., 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004)). The burden of proof is on the party bringing the motion for disqualification. Id.

"'Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist.'" Herrmann,199 F. App'x at 752 (quoting In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003)). "Disqualification of a party's chosen attorney is an extraordinary remedy that should be resorted to only

sparingly ..." Steinberg v. Winn-Dixie Stores Inc., 121 So. 3d 622, 624 (Fla. 4th DCA 2013) (quoting Arcara v. Philip M. Warren, P.A., 574 So. 2d 325, 326 (Fla. 4th DCA 1991) (citing Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986)).

"An order disqualifying counsel 'must be tested against standards imposed by [the] Rules of Professional Conduct.'" AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So. 2d 675, 678 (Fla. 2d DCA 2006) (quoting Tobkin v. Tobkin, 843 So. 2d 961, 962 (Fla. 4th DCA 2003) (quoting City of Lauderdale Lakes v. Enter. Leasing Co., 654 So. 2d 645, 646 (Fla. 4th DCA 1995)).

The Rules Regulating the Florida Bar[1] provide:

> (a) **When Lawyer May Testify**. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (4) disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar. 4-3.7(a) (2018). "[T]he rule requiring a lawyer to withdraw when he expects to be a witness in the case 'was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.'" Arcara, 574 So. 2d at 326 (quoting Cazares v. Church of Scientology of Calif., Inc., 429 So. 2d 348, 350

---

[1] Mr. Swistak is a member of the Florida Bar. See https://www.floridabar.org/directories/find-mbr/?lName=swistak&lNameSdx=N&fName=Jay&fNameSdx=N&eligible=N&deceased=Y&firm=&locValue=&locType=C&pracAreas=&lawSchool=&services=&langs=&certValue=&pageNumber=1&pageSize=10

(Fla. 5th DCA), *review denied*, 438 So. 2d 831 (Fla. 1983)). Still, it is possible for a conflict requiring disqualification to arise if a party calls the opponent's lawyer as a witness and the lawyer's testimony is adverse to the client's position. Steinberg, 121 So.3d at 625; Allstate Ins. Co. v. English, 588 So. 2d 294, 295 (Fla. 2d DCA 1991).

The party moving for the disqualification of opposing counsel has the burden of showing "the necessity of the attorney's testimony and thus his disqualification." Quality Air Conditioning Co., Inc. v. Vrastil, 895 So. 2d 1236, 1237 (Fla. 4th DCA 2005) (quoting Hiatt v. Estate of Hiatt, 837 So. 2d 1132, 1133 (Fla. 4th DCA 2003)). "A lawyer is not a necessary witness when there are other witnesses available to testify to the same information." Steinberg, 121 So. 3d at 624. "A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion." Transmark, USA, Inc. v. Sate of Fla. Dept. of Ins., 631 So. 2d 1112, 1116 (Fla. 1st DCA 1994). "The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case." Id.

Plaintiff has not shown any reason why Defendants need to call Swistak as a witness. Defendants have already filed copies of the relevant emails and state that they do not intend to call Swistak as a witness (Doc. 15 at 4-5; Doc. 15-1 at 10). Plaintiff has failed to show that if she calls Swistak as a witness, any non-privileged testimony he might give will conflict with Defendants' position. At this time, it appears that Swistak's only possible usefulness would be to authenticate emails he exchanged with Plaintiff. This would not be grounds to disqualify him. In sum, the Court is not persuaded that anything Swistak testifies to will be adverse to his clients' interest. Consequently, Plaintiff has failed to sustain her burden and Defendants' choice of counsel will not be disturbed.

Quality Air Conditioning Co, 895 So. 2d at 1237. Plaintiff's motion to disqualify Swistak is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record