UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANA M. LY,

    Plaintiff,

v.

2300 CHERA INVESTORS, LLC and A T
WONUS PROPERTY MANAGEMENT
GROUP, LLC,

    Defendants.

Case No: 6:18-cv-1274-Orl-40TBS

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Strike Defendants' "Reply" Brief (Doc. 37). Defendants have filed a response in opposition to the motion (Doc. 39).

Plaintiff alleges that Defendants violated the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, *et seq.* by failing to provide a reasonable accommodation for Plaintiff's emotional support animal ("ESA") (Doc. 1). Defendants deny liability and affirmatively allege, *inter alia*, that Plaintiff failed to provide credible evidence of her claimed disability and the connection between her disability and her need for an ESA (Doc. 26).

Defendants have filed a motion for summary judgment (Doc. 33) to which Plaintiff has responded (Doc. 35). Plaintiff's response incorporates her affidavit in which she recounts a telephone conversation with Defendants' lawyer, Jay L. Swistak (Doc. 32-2, ¶ 16). During the conversation, Swistak allegedly "berated" Plaintiff, telling her, among other things that she was "stupid," and that "ESAs are not a real thing." (Id.). Plaintiff has

also filed her psychiatrist, Dr. Sonny Joseph's affidavit in which he reports a telephone call his office received from Defendants' representative, asking for copies of Plaintiff's entire file (Doc. 32-1, ¶ 4). Defendants' reply to Plaintiff's response includes the following statements ("Statements"):

> Defendants contacted Dr. Joseph's office simply to verify that Plaintiff was a patient of Dr. Joseph and that there was a history of treatment for a disabling condition as alleged by Plaintiff.
>
> Defendants vehemently deny that any hostile telephone conversation occurred with Plaintiff. Defendants state that the conversation was amicable.

(Doc. 36, at 9).

Plaintiff is asking the Court to strike the Statements because there is no evidence to support them (Doc. 37 at 2-3). She also argues that the second Statement must come from Swistak and is an attempted "end run" around the Order denying Plaintiff's motion to disqualify him (Id.). Defendants counter that the motion to strike is procedurally improper because FED. R. CIV. P. 12(f) applies to pleadings, and their reply is not a pleading (Doc. 39 at 2-3).

On motions for summary judgment "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2) One court has explained that "under the 2010 amendment, Rule 56 no longer requires a party to authenticate summary judgment materials when they are submitted….Under the new rule, an opposing party may object if he or she believes that the cited materials cannot be presented in a form that would be admissible in evidence." Fuller v. SunTrust Banks, Inc., No. 1:11-cv-784-ODE, 2019 WL

1996693, at * 9 (N.D. Ga. Mar. 29, 2019). The Court construes Plaintiff's motion to strike as her objection that the Statements cannot be proven by admissible evidence.

When "a party fails to properly support an assertion of fact … the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). The Court adopts option one in this case. Defendants have 14 days from the rendition of this Order to file admissible evidence to support the Statements. If Defendants fail to file this evidence within the next 14 days, then Plaintiff's objection to the Statements will be deemed sustained and the Statements will be deemed stricken without the necessity of any further order.

This leaves Plaintiff's concern that Swistak is improperly attempting to testify. Defendants previously stated that they did not intend to call Swistak as a witness (Doc. 15 at 4). If Defendants' position has changed and they file Swistak's declaration in support of their Reply then Plaintiff may, if appropriate, renew her motion to disqualify him. In the meantime, with the exception of the relief granted above, the motion to strike is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record